IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.                                                                                                                  19-CR-00940 JCH

BRANDON CHARLEY,

Defendant.

MATERIAL WITNESS'S STIPULATED MOTION TO MODIFY CONDITIONS OF RELEASE

COMES NOW, Charlinda Yazzie, a material witness in this case, and moves this Court, pursuant to 18 U.S.C. §§ 3142 and 3144, to terminate pretrial supervision in this case.

1. Ms. Yazzie was not voluntarily involved in the criminal activity in this case. Rather, she was sexually assaulted immediately prior to the events of this case and, as a result, was present for the killing giving rise to the charges against Brandon Charley.

2. On December 19, 2019, this Court issued a material witness warrant for Defendant's named witness, Charlinda Yazzie. Again, Ms. Yazzie had not broken any law nor disobeyed any order of this Court. Instead, the Court had been advised that a subpoena could not be served on Ms. Yazzie because she had no known address. This Court issued the material witness warrant out of a necessity to vindicate Defendant's compulsory process right.

3. On January 13, 2020, Ms. Yazzie was detained after officers stopped the driver of a vehicle in which she was riding. Ms. Yazzie had committed no crime and no basis to

    detain her has been disclosed to the undersigned. Nonetheless, she was questioned, identified, and arrested on the warrant.

4. Ms. Yazzie was released January 15, 2020 on condition that she report to pretrial services and complete her deposition. Ms. Yazzie returned to her home on the Navajo Nation and has remained a resident of New Mexico since that time.

5. At her own expense, Ms. Yazzie traveled to Albuquerque the next day to appear for a deposition. After testifying, Ms. Yazzie was told she would be compensated for her service as a witness in this case. Ms. Yazzie has been awaiting compensation for more than three months.

6. On Friday, February 28, 2020, Ms. Yazzie again traveled to Albuquerque at her own expense for the sole purpose of participating in this matter. She signed her deposition transcript for the defense and later voluntarily provided a DNA sample at the request of the United States. Since that time, Ms. Yazzie has been in contact with the United States victim's advocate. She would like to learn the truth of what happened to her on June 24, 2018.

7. Ms. Yazzie lives in an area affected by the COVID-19 public health emergency. Her regular residence does not have reliable mobile phone service and she does not own a vehicle. Thus, she increases the risk to herself and her community every time she travels with a friend or a family member for the purpose of contacting Pretrial Services. More importantly, participation in this case is traumatic. As a result of one day of powerlessness, Ms. Yazzie has repeatedly been forced to submit to questioning, both under oath and by pretrial services, or else face re-incarceration.

8. Although Ms. Yazzie's contact with Pretrial Services has been imperfect, she has repeatedly re-engaged in contact with the Court and with the undersigned after periods when she found it difficult to do so. When trial is scheduled, Ms. Yazzie will attend if necessary. She has authorized the undersigned to accept service of process on her behalf.

9. 18 U.S.C. § provides, "[n]o material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice."

10. If Ms. Yazzie does not appear, trial can proceed as scheduled. Defendant's *Motion to Strike Tentative Witness Ms. Yazzie from the Government's Second Amended Witness List* (Doc. 180) establishes that her transcribed testimony is sufficient to vindicate Defendant's right to compulsory process. For its part, the United States was willing to proceed to trial January 8, 2020 without Ms. Yazzie's testimony.

11. A trial setting for July 20, 2020 will most likely be vacated once again due to the COVID-19 public health emergency. (Doc. 196), raising the prospect of continuing supervision for Ms. Yazzie The conditions placed on Ms. Yazzie did not and could not reflect a balance between the need for her testimony against the ongoing logistical challenges and subtle re-victimization she has faced over nearly six month.

12. In light of unprecedented circumstances, it is unjust to continue to burden Ms. Yazzie with compliance with Pretrial Services on threat of further incarceration. Ms. Yazzie has been frequently unable to comply with the contact required by Pretrial Services, but further detention would be patently unnecessary to prevent a failure of justice.

13. The United States, through Assistant United States Attorney Joseph Spindle, and Defendant, through his attorney Robert Gorence, concur in this motion

WHEREFORE, Ms. Yazzie requests that this Court terminate her supervision by Pretrial Services in this matter.

        Respectfully submitted,
        /s/
        Mary McCleary
        1025 ½ Lomas Blvd. NW
        Albuquerque, NM 87102
        (505) 450-7169
        mary@notguiltynm.com
        *Attorney for Material Witness Charlinda Yazzie*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of July, 2020, I filed the foregoing electronically through the Court's CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:
Joseph Spindle, Attorney for the United States Joseph.Spindle@usdoj.gov
Letitia Simms, Attorney for the United States Letitia.simms@usdoj.gov
Robert J. Gorence, Attorney for the Defendant gorence@golaw.us
Jason Bowles, Attorney for the Defendant jason@bowles-lawfirm.com

/s/
Mary McCleary
Attorney for Charlinda Yazzie